

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

WILLIAM W. ADKINS, JR.,     )
     )
   Petitioner,     )
     )
v.     )   Civil Action No. 3:08CV738-HEH
     )
DEAN W. SWORD, *et al.*,     )
     )
   Respondents.     )

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation and Dismissing Action)**

Petitioner, a Virginia inmate, brings this petition for a writ of mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. PROCEDURAL HISTORY**

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to

the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Petitioner has petitioned this Court to issue a writ of mandamus directing Judge Dean W. Sword and Assistant Commonwealth Attorney Scott Ehrenworth to order his release from incarceration and vacate his state convictions in case No. CR03-541-01. This Court lacks jurisdiction to grant mandamus relief against state officials or other non-federal employees. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Gurley v. Super. Ct. of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). It is therefore RECOMMENDED that this petition for a writ of mandamus be DENIED.

Given the nature of the relief sought, it is appropriate to consider whether to recharacterize this mandamus petition as a petition for a writ of habeas corpus. *Rivenbark v. Virginia*, No. 08-1395, 2008 WL 5424074 at *1 n.* (4th Cir. Dec. 30, 2008) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003); *United States v. Blackstock*, 513 F.3d 128, 132-35 (4th Cir. 2008)). Petitioner has previously filed a habeas petition in this Court challenging his conviction. *See Adkins v. Johnson*, 3:07cv150 (E.D. Va. Jan. 28, 2008) (denying Petitioner's habeas challenge to case No. CR03-541-01). Petitioner is therefore required to obtain permission to file a second petition from the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. § 2244(b). Unless and until Petitioner does so, this Court lacks jurisdiction to consider his claims. *See Reid v. Angelone*, 369 F.3d 363, 375 (4th Cir. 2004). Recharacterizing his petition would be futile. It is therefore RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

(April 30, 2009 Report and Recommendation.) The Court advised Petitioner that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Petitioner filed objections and an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474

3

U.S. 140, 147 (1985).   This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection.   *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied,* 546 U.S. 1091 (2006).

## III.  PETITIONER'S RESPONSE TO THE REPORT AND RECOMMENDATION

In his amended complaint, Petitioner merely re-asserts the claims in his original complaint, naming as respondent the warden of his current place of incarceration rather than the judge and prosecutor in his criminal case.  Petitioner completely fails to address the Magistrate Judge's conclusion that the Court lacks jurisdiction over this action whether it proceeds as a mandamus petition or a habeas petition.  Petitioner's objections will be OVERRULED.  The Report and Recommendation will be ADOPTED. Petitioner's claims will be DENIED WITHOUT PREJUDICE.  The action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
**United States District Judge**

Date: July 1 2009
Richmond, Virginia

4